IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KARLA I. HERNANDEZ MARTINEZ, | § § § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 4:19-cv-01031-P |
| UNITED STATES OF AMERICA, | § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant United States of America's ("Government") Motion to Dismiss. ECF No. 17. Having reviewed the Motion, Appendix (ECF No. 18), Petitioner Karla I. Hernandez Martinez's claims (ECF Nos. 1, 5), and the applicable law, the Court concludes that Petitioner's case should be **DISMISSED for lack of jurisdiction.**

## BACKGROUND

### A. Facts Leading to Arrest of Petitioner's Husband

Petitioner's complaint arises from the Government's seizure of a truck, a 2015 Toyota Tundra, when Petitioner's husband was arrested in connection with the offense in the underlying criminal case.[1] Supp. Mt. at 1, ECF No. 5. Petitioner claims the truck belongs to her and that she is an innocent third party. *Id.*

---

[1] The underlying criminal case was styled, *U.S. v. Lujano-Jaimes*, and numbered 4:17-CR-00223-A-1. The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case.

The record in the underlying criminal case reflects that on October 2, 2017, Petitioner's husband agreed to meet up to conduct a transaction for approximately five kilograms of methamphetamine.[2] CR ECF No. 21 at 2. At that time, Petitioner's husband was arrested and charged with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR ECF Nos. 1, 8, 21 at 1. The criminal complaint states that at the time the arrest, agents/officers seized approximately five grams of methamphetamine and that Petitioner's husband consented to a search of his residence where agents/officers seized one kilogram of methamphetamine, approximately 200 grams of suspected cocaine, and a pistol.[3] CR ECF No. 1 at 2. Moreover, Petitioner's husband admitted that he had used the truck to transport approximately five kilograms of methamphetamine to his residence prior to delivery. Govt.'s App'x at 12. Petitioner's husband eventually pleaded guilty to the charges of Possession with Intent to Distribute Methamphetamine (21 U.S.C. § 841(a)(1), (b)(1)(C), and on May 11, 2018, he was sentenced to 240 months incarceration. *See* CR ECF Nos. 19–20, 45.

**B.** **Forfeiture Proceeding**

In connection with Petitioner's husband's arrest, the Drug Enforcement Administration ("DEA") also moved to administratively forfeit the truck. Motion to Dismiss at 2. Pursuant to 18 U.S.C. § 983(a) and 19 U.S.C. § 1607(a), on November 8,

---

[2]The Government's Appendix supports that Petitioner's husband conducted the drug transaction in a 2012 Honda Odyssey and that Petitioner and an infant child were with Petitioner's husband in the van. Govt.'s App'x at 12, ECF No. 18.

[3]The Government's Appendix supports that the cocaine was found in between the baby's crib and nightstand and the pistol was located under Petitioner's mattress. Govt.'s App'x at 12.

2017, the DEA sent written notices of the seizure to all the interested parties, which included Petitioner. Govt.'s App'x at 1. Pursuant to the forfeiture regulations at 28 C.F.R. § 8.9(a), the DEA posted notices of the seizure of the subject property on Forfeiture.gov, an official internet government forfeiture website, for a period of 30 consecutive days. *Id.* at 4. The internet posting and mailed notices of seizure explained that Petitioner had the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court. *Id.* at 1–5. The internet posting and mailed notices of seizure also explained the option of filing a petition for remission or mitigation of forfeiture. *Id.*

On December 12, 2017, Petitioner filed with the DEA a document entitled, "Verified Petition of Karla I Hernandez Martinez Seeking Relief from Forfeiture." *Id.* at 6. Petitioner sought relief from forfeiture of the truck and throughout four short paragraphs made various arguments for why she believed the truck should not be forfeited. *Id.* The petition included the Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceeding with a handwritten circle around "Petitions for Remission," which the DEA construed as demonstrating the administrative process and remedy selected and acknowledged by Plaintiff. *Id.* at 10.

On March 28, 2018, the DEA denied the petition for remission on the basis that it failed to meet the applicable regulatory requirements. *Id.* at 11–14. Petitioner, through her counsel, was notified that "the petition failed to meet the requirements for remission or mitigation." *Id.* at 11. The letter, which stated that the DEA had received the Petition relief from forfeiture of the truck and informed Petitioner of the DEA's rejection, was sent by

certified mail, return receipt requested, to Petitioner's counsel in the matter. *Id.* The letter, citing specific C.F.R. sections as bases for the rejection, identified deficiencies in the petition and provided Petitioner with information regarding her ability to request reconsideration pursuant to 28 C.F.R. § 9.3(j). *Id.* at 11–14. Namely, the letter noted that Petitioner drove with her husband to deliver the methamphetamine and that her bedroom contained large quantities of methamphetamine and cocaine, so Petitioner's claims of ignorance were "specious, if not mendacious." *Id.* at 13. Petitioner did nothing to remedy the deficiencies, and on October 15, 2018, the truck was disposed of. *Id.* at 20.

Approximately one year later, on June 13, 2019, a different attorney submitted a motion for reconsideration to the DEA on behalf of Petitioner. *Id.* at 15–19. In this motion, Petitioner's new counsel appeared to be operating under a belief that her prior petition had been denied on March 28, 2019, rather than March 28, 2018. *Id.* at 16. Although the motion for reconsideration acknowledged that no request for reconsideration had ever been filed and that the truck was "disposed" of, Petitioner again asserted her alleged status as an innocent owner, while acknowledging that she had been in the unseized vehicle while her husband was arrested with five kilograms of methamphetamine and that numerous illegal substances had been seized from her homestead. *Id.* at 16–19. And although submitted by new counsel, the arguments in Petitioner's motion for reconsideration were largely the same as in her earlier petition. *Id.*

On June 26, 2019, the DEA sent a certified letter to Petitioner's new counsel in which the DEA acknowledged receipt of his correspondence regarding the 2015 Toyota Tundra. *Id.* at 20–21. This letter advised Petitioner's new counsel of the untimely nature

of his submission and his apparent mistaken belief that the petition had been denied March 28, 2019, when in fact it had been denied a year earlier such that any reconsideration motion was now untimely. *Id.* at 20. After citing the deficiencies, the DEA accordingly advised that the matter was closed and that the truck had been disposed of as o on October 15, 2018. *Id.* at 21. No other motions, requests or communications were received by the DEA from Petitioner in connection with this matter. Motion to Dismiss at 5.

**C.     History of this Litigation**

Petitioner filed the instant action titled as "Motion for Return of Property," on December 13, 2019. *See* Mt. for Return of Prop., ECF No. 1. The then-presiding U.S. Magistrate Judge ordered Petitioner to file a supplement to her Motion to cure certain deficiencies, which required Petitioner to provide (1) the full legal name of her husband, (2) his criminal cause number for the case in which he was convicted, and (3) the date of her husband's judgment of conviction. ECF No. 4. On January 17, 2020, Petitioner filed a supplemental motion (which the Court also construes as a supplement to her complaint) in which she identified her husband's full legal name and criminal cause number, but she failed to include her husband's date of judgment of conviction. Supp. Mt., ECF No. 5. Petitioner eventually filed an application for leave to proceed in forma pauperis, which the Court granted. ECF No. 11.

Petitioner alleges that the truck that belongs to her. Supp. Mt. at 1. She argues that there was no evidence that the truck was ever used in an illegal manner for the agents to have probable cause to confiscate it. *Id.* Petitioner further alleges that the truck was seized even though "Petitioner was not involved in any il[l]egal activities that her husband was

5

forced to do to protect his family from Mexico." Mt. for Return of Prop. at 1. Petitioner asserts the seizure of a truck violates her Constitutional Due Process Rights and her Fourth and Fifth Amendment rights. *Id.* at 2.

After conducting a preliminary screening, the Court concluded that Defendant should be served. ECF No. 12. On May 17, 2021, Defendant appeared and filed a 12(b)(1) Motion to Dismiss for lack of jurisdiction. ECF No. 17. As of the date of this order, Petitioner has not filed a response. Therefore, the Motion to Dismiss is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a case when a court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). When a motion seeks relief under Rule 12(b)(1) and refers to documents outside the pleadings in arguing the lack of jurisdiction, the Court may consider these documents. *Shabazz v. United States*, No. 4:09-CV-556-Y, 2010 WL 11619572, at *1 (N.D. Tex. Apr. 22, 2010) (Means, J.). Thus, a district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A district court's grant of a 12(b)(1) motion to dismiss for lack of jurisdiction is reviewed de novo. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

**DISCUSSION**

**A. Applicable Law**

A party seeking to challenge the forfeiture of its property in a judicial forum must file a claim with the DEA within the deadline set forth in the notice of seizure or, if the party did not receive a notice letter, then no later than thirty days after the final publication of the notice of seizure. *See* 18 U.S.C. § 983(a)(2)(B). A claim "need not be made in any particular form" and need only identify, under oath, (1) the property being claimed, and (2) the claimant's interest in that property. *Id.* § 983(a)(2)(C). The timely filing of a claim stops all administrative forfeiture proceedings. *See* 21 C.F.R. § 1316.76(b). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within (90) days or return the seized property. *See* 18 U.S.C. § 982(a)(1). In the subsequent civil forfeiture proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture. *Id.* § 983(c)(1). If an individual fails to timely file a claim, the property is administratively forfeited. 19 U.S.C. § 1609.

An individual may also request remission and/or mitigation of the administrative forfeiture by filing a petition within thirty days of receipt of the notice of seizure. 28 C.F.R. § 9.3. A petition must include proof of an individual's interest in the property and state the facts and circumstances justifying remission or mitigation. *See id.* § 9.3(c)(1) (detailing requisites of all such petitions). Further, "[a]ny factual recitation or documentation of any type in a petition must be supported by a declaration under penalty of perjury that meets the requirements of 28 U.S.C. 1746." 28 C.F.R. § 9.3(c)(2). After a petition is received, a

seizing agency, through its ruling official, investigates its merits. 28 C.F.R. § 9.3(f). The ruling official then reviews and considers the report and issues a ruling. *Id.* § 9.3(g). The DEA has broad discretion in deciding whether to grant a petition. *See id.* § 9.7(a)(1) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the ruling official."). If the ruling official denies the petition, the petitioner is notified of the reasons for the denial and of the right to submit a request for reconsideration. *Id.* § 9.3(i).

But "[o]nce the administrative forfeiture [i]s completed, the district court lack[s] jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process." *United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996); *see also Ibarra v. United States*, 120 F.3d 472, 475–76 (4th Cir. 1997) (citing litany of cases before opining that "once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction"); *U.S. (Drug Enf't Agency) v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992) ("[O]nce the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter . . . ."). Thus, following the completion of administrative forfeiture, "the 'exclusive remedy for seeking to set aside a declaration of forfeiture' is a motion showing that the government knew or should have known of the moving party's interest in the forfeited property and failed to provide that party with notice." *Shabazz*, 2010 WL 11619572, at *2 (quoting 18 U.S.C. § 983(e)(1)); *Scarabin v. Drug Enf't Admin.*, 919 F.2d 337, 338–39 (5th Cir. 1990).

8

**B. Analysis**

Here, it is undisputed that the administrative forfeiture of the truck has been completed, so the Court lacks jurisdiction over this action. *Schinnell*, 80 F.3d at 1069; *Shabazz*, 2010 WL 11619572, at *2. Moreover, by previously electing to file a petition for remission rather than a claim, Petitioner cannot now invoke the judicial process. *See Reyna v. United States*, 180 F. App'x 495, 496 (5th Cir. 2006) (affirming dismissal of claim challenging forfeiture when appellant had failed to file a claim with the forfeiting agency and instead sought remission). Therefore, Petitioner's attempt to challenge the forfeiture of the truck in this action on the grounds that the truck is Petitioner's property and because she is an innocent third party must be dismissed because "[j]udicial review on the merits of an administrative forfeiture is barred . . . when the party elects an administrative remedy instead of a judicial one." *Scarabin*, 919 F.2d at 338. Accordingly, Petitioner's claims are not properly before the Court and must be dismissed. *See United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990) (affirming dismissal for lack of jurisdiction because appellant's "arguments, amounting to a claim that he was deprived of his property without due process of law, are not properly before us, as the proper place to litigate the legality of the seizure is in the forfeiture proceeding").[4]

---

[4] Moreover, having reviewed the record, the Court concludes that "the administrative forum afforded [Petitioner] the opportunity to raise all objections to the seizure and the lack of a judicial remedy deprived [her] of nothing." *One 1987 Jeep Wrangler*, 972 F.2d at 479. That is, Petitioner was provided proper notices and an administrative forum to raise objections and seek remission. The DEA provided Petitioner a detailed letter explaining the connection of the truck to the underlying offense and demonstrating that Petitioner's proximity to both undermined her claimed ignorance of her husband's illegal activities. Govt.'s App'x at 11–14. The letter further notified Petitioner that the law afforded her the opportunity to file a motion to reconsider, with certain time limits. *Id.* at 14. Petitioner never filed such a motion to reconsider until more than a year had

## CONCLUSION

In light of the foregoing, the Court concludes that the Government's Motion to Dismiss should be and hereby is **GRANTED** and this case should be and hereby is **DISMISSED for lack of jurisdiction.**

**SO ORDERED** on this **15th day** of **July 2021.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

passed—far beyond the time provided by law. Thus, although Petitioner does not appear to contest the forfeiture proceeding or her receipt of notice thereof, having reviewed the Government's Appendix, the Court concludes that any procedural argument by Petitioner fails. *See Shabazz*, 2010 WL 11619572, at *2.